UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **United States of America**, ) | |
| ) | **CASE NO. 1:17 CR 00511** |
| ) | |
| **Plaintiff,** ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| **Antonio W. Saunders,** ) | **Memorandum of Opinion and Order** |
| ) | |
| **Defendant.** ) | |

**INTRODUCTION**

This matter is before the Court upon defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (Doc. 20) For the following reasons, the defendant's motion is DENIED.

**FACTS**

After defendant was charged with felon in possession of a firearm (Count One) and possession with intent to distribute marijuana (Count Two), he entered a plea of guilty on April 19, 2018. On August 14, 2018, defendant was sentenced to 120 months imprisonment on Count

1

One and 60 months imprisonment on Count Two, to run concurrently with each other. On August 15, 2018, the judgment order was issued by this Court.

Defendant did not file a direct appeal of his conviction and sentence. On April 21, 2020, defendant filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.

**STANDARD OF REVIEW**

28 U.S.C. §2255 provides a prisoner in federal custody a remedy to collaterally attack his sentence on the ground that it was imposed in violation of the Constitution or laws of the United States. A prisoner may move to vacate, set aside, or correct his sentence upon the basis "the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. §2255. To warrant relief under the statute because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005).

**DISCUSSION**

Defendant's motion sets forth four grounds for relief, which are as follows: 1) ineffective assistance of counsel for failure to file a direct appeal, 2) illegal search and seizure in violation of the Fourth Amendment, 3) ineffective assistance of counsel for failure to file a motion to suppress, and 4) invalid conviction in light of *United States v. Rehaif*, 139 S.Ct. 2191 (2019).

The AEDPA establishes a one-year limitations period in which a federal prisoner may file a habeas corpus petition. That period runs from one of four specified dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

The Court finds that defendant's motion is untimely under 28 U.S.C. § 2255(f)(1). Generally, a conviction becomes final upon conclusion of direct review. *See Sanchez–Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004) (citing *United States v. Cottage*, 307 F.3d 494, 498 (6th Cir. 2002)). However, where the defendant "does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed." *Johnson v. U.S.*, 457 Fed. App'x 462, 465 (6th Cir. 2012) (citations omitted). Relevant herein, that period was 14 days after the entry of the August 15, 2018 judgment, or August 29, 2018. *See* Fed. R. App. P. 4(b)(1). Defendant then had one year, or until August 29, 2019, to file his § 2255 motion. Defendant did not file his motion until April 21, 2020. Accordingly, it is untimely.

In his fourth ground for relief, defendant references the Supreme Court case of *United States v. Rehaif*, 139 S. Ct. 2191 (2019). *Rehaif* was decided on June 21, 2019, nearly a year after the defendant was convicted and sentenced. While defendant does not specifically discuss

3

the timeliness of his motion, he appears to suggest that because *Rehaif* announced a newly recognized right his motion is timely under 28 U.S.C. § 2255(f)(3).

Upon review, the Court finds that the time frame set forth under 28 U.S.C. § 2255(f)(3) is inapplicable to defendant's motion.  The Sixth Circuit has held that the "rule stated in *Rehaif* is a matter of statutory interpretation, not a new rule of constitutional law." *Kitwana Khamisi v. United States*, 800 Fed. App'x 344, 349 (6th Cir. 2020) (internal quotations omitted).  Courts throughout this circuit have recognized that *Rehaif* does not apply retroactively to cases on collateral review.  *See Wright v. United States*, 2020 WL 718237, *2 (W.D. Tenn. 2020); *United States v. Mock*, 2019 WL 6324625, *6-7 (S.D. Ohio 2019); *United States v. May*, 2019 WL 6310195, *2 (S.D. Ohio 2019); *Moore v. United States*, 2019 WL 4394755, *2 (W.D. Tenn. 2019); *Abernathy v. United States*, 2019 WL 5268546, *5 n. 3 (E.D. Tenn. 2019); *Swindle v. United States*, 2020 WL 3167012, *1 (W.D. Mich. 2020).  Additionally, circuit courts of appeal have determined the same.  *See In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019) ("*Rehaif* did not announce a new rule of constitutional law made retroactive to cases on collateral review."); *In re Sampson*, 954 F.3d 159, 161(3rd Cir. 2020) ("*Rehaif* did not state a rule of constitutional law at all.")  Accordingly, because *Rehaif* does not apply retroactively to cases on collateral review, the time frame set forth under 28 U.S.C. § 2255(f)(3) does not apply to defendant's motion.[1]

For these reasons, defendant's §2255 motion is untimely under 28 U.S.C. § 2255(f)(1).

---

[1] The Government maintains that, rather than being time-barred, ground four of defendant's motion is procedurally defaulted.  The Court need not address this argument because it finds that *Rehaif* does not apply retroactively to cases on collateral review.

**CONCLUSION**

For the foregoing reasons, defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is denied.  Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed.R.App.P.22(b).

IT IS SO ORDERED.

                                                   /s/ Patricia A. Gaughan
                                                   PATRICIA A. GAUGHAN
                                                   United States District Judge
                                                   Chief Judge

Dated: 6/23/20